IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Eugene Gee Gary,<br><br>                        Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections; Jon Ozmint, Director, et al; Jane and John Doe, SCDC Officers; and other Unknown Defendants, Official and Individual Capacity,<br><br>                      Defendants. | Civil Action No. 8:10-cv-02037-MBS-JDA<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

This matter is before the Court on Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial proceedings in prisoner petitions for relief under 42 U.S.C. § 1983 and submit findings and recommendations to the District Court.

Plaintiff filed this action on April 1, 2010 in the Court of Common Pleas, Dorchester County, South Carolina.[1] [Doc. 1-2.] Defendants removed the action to this Court on August 4, 2010 [Doc. 1] and filed their Answer on August 6, 2010 [Doc 5]. Plaintiff filed an Amended Complaint on November 8, 2010. [Doc. 18.] On December 28, 2010, Defendants filed their motion to dismiss. [Doc. 23.] By Order filed December 29, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of

---

[1] While the Court cannot determine the original filing date of the state court complaint from the copy of the complaint filed with the notice of removal because it does not contain a file stamp from the Court of Common Pleas, Defendants assert in their motion to dismiss that Plaintiff filed the Complaint on April 1, 2010. [Doc. 23 at 2.] Moreover, the Court has reviewed the court records from the Dorchester County Court of Common Pleas and takes judicial notice that the case was filed on April 1, 2010. *See Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006) (unpublished per curiam opinion) (noting that a district court may take judicial notice of state court records).

the summary judgment/dismissal procedure and the possible consequences if he failed to adequately respond to the motion. [Doc 24.] Plaintiff filed a response on March 8, 2011. [Doc. 33.]

## BACKGROUND

In his Amended Complaint, Plaintiff alleges that he is an inmate within the South Carolina Department of Corrections incarcerated at Lieber Correctional Institution ("LCI"). [Doc. 18 ¶ 1.] Plaintiff seeks declaratory relief; compensatory damages in the amount of $250,000 against each defendant; nominal damages in the amount of $250,000 against each defendant; punitive damages in the amount of $250,000 against each defendant; a jury trial; costs; and any additional relief the Court deems just, proper, and equitable. [*Id.* at 26.]

**Tear Gas Incident**

Plaintiff alleges that on or about February 27, 2008, Correctional Officer Terrance Ford ("Ford") approached Plaintiff's locked cell, unlocked the cell flap, and demanded Plaintiff's t-shirt. [*Id.* ¶ 21.] Plaintiff refused to give Ford the t-shirt, claiming that the t-shirt had been approved. [*Id.* ¶ 22.] Ford again demanded the t-shirt, and Plaintiff again refused. [*Id.* ¶ 24.] At that time, Ford allegedly sprayed Plaintiff with "Top Cop" tear gas and, afterward, closed and locked Plaintiff's cell flap. [*Id.* ¶ 25.]

Plaintiff demanded medical attention because the tear gas caused him to have an "asthma attack, temporary blindness, gagging and coughing, chest pains, wheezing of breath, and layers of his skin to peel on his facial and neck areas." [*Id.* ¶ 26.] Plaintiff alleges that he never received medical attention. [*Id.* ¶ 27.] Plaintiff claims he has written Warden Mckither Bodison ("Bodison") "numerous requests . . . complaining about the

mistreatment he suffered at the hands of Defendant Ford[2]." [*Id.* ¶ 52.] Plaintiff also claims he filed a grievance in March 2008 "on Defendant Ford for assault-battery and use of force." [*Id.* ¶ 53.]

**Missing Property**

Plaintiff also complains that several items of his personal property are missing. [*Id.* ¶¶ 40, 45.] Plaintiff claims that he filed a grievance on March 20, 2008 regarding personal property he discovered was missing on March 20, 2008 and another grievance on May 9, 2008 regarding personal property he discovered was missing on May 5, 2008. [*Id.* ¶¶ 41, 46.]

**Grievances**

Plaintiff alleges that although he filed five grievances [*id.* ¶¶ 41, 46, 53, 63], Defendants never processed those grievances [*id.* ¶¶ 51–66].

**Causes of Action**

Construed liberally, Plaintiff's Amended Complaint alleges the following causes of action:

    1.    gross negligence as to Bodison for failure to perform duties and resolve grievances filed by Plaintiff [*id.* ¶¶ 51–56];

    2.    breach of duty as to Bodison for failure to address, investigate, and resolve Plaintiff's grievances [*id.* ¶¶ 57–59];

    3.    gross negligence as to Inmate Grievance Coordinators Vera Jenkins ("Jenkins") and Jean Randall ("Randall") for failure to investigate and resolve or recommend a disposition on Plaintiff's grievances [*id.* ¶¶ 60–65];

---

[2]Although Plaintiff failed to list individual defendants by name in the caption of the Amended Complaint, Plaintiff refers to individual defendants by name in the body of the Amended Complaint. [*See* Doc. 18.]

4. breach of duty as to Randall and Jenkins for failure to process Plaintiff's grievances [*id.* ¶ 66];

5. gross negligence as to Ford for macing Plaintiff and then denying Plaintiff medical care, a shower, and clean bedding [*id.* ¶¶ 67–75];

6. assault and battery as to Ford [*id.* ¶¶ 76–83];

7. deliberate indifference to medical needs as to Ford [*id.* ¶¶ 84–86];

8. breach of duty/gross negligence as to Property Control Officers Judy Chubb ("Chubb") and Doris Gant ("Gant") for failure to secure Plaintiff's property [*id.* ¶¶ 87–96];

9. breach of duty and gross negligence as to Chubb and Gant for discarding Plaintiff's property [*id.* ¶¶ 97–98];

10. violation of duty of care pursuant to S.C. Code Ann. § 24-1-130 [*id.* at 16]; and

11. intentional infliction of emotional distress [*id.* at 22].

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, a pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not

construct the plaintiff's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law.  Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments.  This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted).  Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a

State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

## DISCUSSION

In their motion to dismiss, Defendants argue the case should be dismissed because the claims are time barred by the applicable statute of limitations. Defendants removed this case, asserting that Plaintiff's state court complaint alleged violations of 42 U.S.C. § 1983. [Doc. 1.] Thereafter, Plaintiff filed an Amended Complaint. [Doc. 18.] Defendants

6

assert that Plaintiff's Amended Complaint is brought pursuant to the South Carolina Tort Claims Act ("SCTCA")[3] and, citing S.C. Code Ann. § 15-78-110, argue the action is time barred because it was commenced more than two years after the date the loss was or should have been discovered. [Doc. 23.]

Although Plaintiff cites to many South Carolina statutes and uses "negligence" terminology, which may suggest the action is brought purely under the SCTCA, Plaintiff also references "federal statutes" [Doc. 18 at 17] and uses familiar federal terminology such as "deliberate indifference" to medical needs [Doc. 18 at 13, 17, 24] with respect to a macing event and its aftermath. Because Plaintiff is proceeding pro se, the Court liberally construes Plaintiff's Amended Complaint as one brought under 42 U.S.C. § 1983 with respect to Plaintiff's seventh cause of action, deliberate indifference to medical needs, and under the SCTCA with respect to Plaintiff's remaining causes of action.[4] Therefore,

---

[3]Although not expressly stated, Defendants appear to allege that Plaintiff abandoned his § 1983 claims when he filed his Amended Complaint because, although Defendants initially removed the case based on the assertion that Plaintiff's state court complaint alleged § 1983 violations [Doc. 1], Defendants now argue Plaintiff's Amended Complaint is brought solely pursuant to the SCTCA [Doc. 18].

[4]Although Plaintiff's Amended Complaint fails to specify which claims are brought pursuant to § 1983 and which claims are brought pursuant to the SCTCA, the Court notes that Plaintiff's seventh cause of action is the only claim that could possibly be actionable under § 1983. Plaintiff's first four causes of action allege failure to respond to, investigate, and/or resolve Plaintiff's grievances. However, there is no constitutional right to a grievance procedure. *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137–38 (1977). Even if the prison provides for a grievance procedure, violations of those procedures do not amount to a civil rights cause of action. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1944); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding prison official's failure to comply with state's grievance procedure is not actionable under § 1983). Plaintiff's fifth cause of action—gross negligence—is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987). Negligence is a cause of action under state law, and § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Dep't of Soc. Svcs.*, 489 U.S. 189, 200–03 (1989). Similarly, Plaintiff's sixth cause of action—assault and battery—is a state tort action that is not actionable under § 1983. *Street v. Surdyka*, 492 F.2d 368, 370–71 (4th Cir. 1974) ("[S]ection 1983 does not provide a remedy for common law torts."); *see also Brown v. Hillsborough Cnty. Sheriff's Dep't*, No. 8:08-cv-88-T-33TGW, 2009 WL 413576, at *3–4 (M.D. Fla. Feb. 18, 2009) (citing *McCray v. Howard*, 285 F. App'x 689, 693 (11th Cir. 2008)

the Court will address Plaintiff's claims under both statutes. The Court has jurisdiction over Plaintiff's § 1983 claim because the allegations present a federal question, *see* 28 U.S.C. § 1331; the Court has jurisdiction over Plaintiff's SCTCA claims based on supplemental jurisdiction, *see* 28 U.S.C. § 1367(a).

**Claims Under § 1983**

Plaintiff's seventh cause of action—deliberate indifference to medical needs as to Ford—asserts a claim that may be actionable under § 1983. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)) ("The standard for § 1983 liability is deliberate indifference to serious medical needs."). This claim, therefore, survives Defendants' motion to dismiss because the motion to dismiss argues only that Plaintiff's claims are barred by the SCTCA's statute of limitations.

**Claims Under the SCTCA**

*Statute of Limitations*

Defendants contend Plaintiff's claims are time barred under the SCTCA's statute of limitations. The statute of limitations is an affirmative defense; therefore, the defendant bears the burden to affirmatively plead its existence. *Eriline Co. S.A. v. Johnson*, 440 F.3d

---

(unpublished decision)). Plaintiff's eighth and ninth causes of action allege failure to maintain Plaintiff's property. However, the Supreme Court has explicitly held that deprivations of inmates' personal property do not rise to the level of a constitutional violation. *Daniels*, 474 U.S. at 328–36. The Fourth Circuit has held that deprivations of personal property by corrections officials are not constitutional violations where there are procedures available for the inmate to recover that property or to be financially compensated for the loss. *See, e.g.*, *Mora v. City of Gaithersburg*, 519 F.3d 216, 230–32 (4th Cir. 2008); *Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir. 2005). Plaintiff's tenth cause of action is violation of duty of care pursuant to S.C. Code Ann. § 24-1-130. However, § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney*, 489 U.S. at 200–03; *see also Baker v. McClellan*, 443 U.S. 137, 146 (1976) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."). Plaintiff's final cause of action alleges intentional infliction of emotional distress. However, there is no constitutional right to be free from emotional distress, and, hence, there is no liability under § 1983 for such claims. *See Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985). Accordingly, except for Plaintiff's seventh cause of action, Plaintiff's claims are not actionable under § 1983 and are, therefore, construed to be brought under the SCTCA.

648, 653 (4th Cir. 2006) (citing Fed. R. Civ. P. 8(c); *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005)). A court may dismiss a claim pursuant to Rule 12(b)(6) when "the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (citing *Richmond, F. & P. R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). Thus, when a defendant alleges that a claim is time barred under the applicable statute of limitations, the court may reach the defense by a motion to dismiss filed under Rule 12(b)(6) "in the rare circumstances where facts sufficient to rule on [the] affirmative defense are alleged in the complaint." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

The SCTCA provides that any action brought pursuant to the SCTCA "is forever barred unless an action is commenced within two years after the date of the loss was or should have been discovered." S.C. Code Ann. § 15-78-110.[5] Plaintiff filed his initial complaint in state court on April 1, 2010. Therefore, only the claims asserted by Plaintiff that were or should have been discovered on or after April 1, 2008 are timely and not barred by the statute of limitations.

Plaintiff's first four causes of action relate to Bodison, Jenkins, and Randall's failure to respond to, investigate, and/or resolve Plaintiff's grievances. With respect to Bodison, Plaintiff alleges he filed grievances (1) in March 2008 [Doc. 18 ¶ 53]; (2) on March 20, 2008 [*id.* ¶¶ 41, 53]; and (3) on May 9, 2008 [*id.* ¶¶ 46, 53]. Plaintiff specifically alleges gross negligence and breach of duty against Bodison for failure to respond within forty days from the initial filing of the grievance, as provided in SCDC Policy G.A.-01.12. [*Id.* ¶¶ 51–59.] Accordingly, Plaintiff's claims against Bodison would have been or should have been discovered forty days after the date the grievance was filed because Plaintiff would have

---

[5]The limitations period under the SCTCA can be extended to three years when the plaintiff files a verified claim pursuant to S.C. Code Ann. § 15-78-80. However, the record reveals no evidence that Plaintiff filed a verified claim meeting the statutory requirements necessary to extend the statute of limitations to three years.

9

been put on notice at that time that Bodison had purportedly not complied with SCDC Policy G.A.-01.12.  Stated more specifically, Plaintiff's causes of action against Bodison should have been discovered forty days after (1) an unknown date in March 2008; (2) March 20, 2008; and (3) May 9, 2008.  Because forty days after each of these dates falls after April 1, 2008, these claims are timely and, therefore, not barred by the statute of limitations.

With respect to Jenkins and Randall, Plaintiff alleges he filed grievances (1) in October 2007 [*id.* ¶ 63]; (2) in November 2007 [*id.* ¶ 63]; (3) in March 2008 [*id.* ¶¶ 63]; (4) on March 20, 2008 [*id.* ¶¶ 41, 63]; and (5) on May 9, 2008 [*id.* ¶¶ 46, 63].  Plaintiff specifically alleges gross negligence and breach of duty against Jenkins and Randall for failure to process Plaintiff's grievances to final disposition within 105 days, as provided in SCDC Policy G.A.-01.12.  [*Id.* ¶¶ 60–66.]  Accordingly, Plaintiff's claims against Jenkins and Randall would have been or should have been discovered 105 days after the date the grievance was filed because Plaintiff would have been put on notice at that time that Jenkins and Randall had purportedly not complied with SCDC Policy G.A.-01.12.  Stated more specifically, Plaintiff's causes of action against Jenkins and Randall should have been discovered 105 days after (1) an unknown date in October 2007; (2) an unknown date in November 2007; (3) an unknown date in March 2008; (4) March 20, 2008; and (5) May 9, 2008.  Because 105 days after any date in October and November 2007 would have been before April 1, 2008, Plaintiff's claims relating to the October and November 2007 grievances are time barred.  However, 105 days after the remaining grievance dates falls after April 1, 2008; therefore, Plaintiff's claims against Jenkins and Randall relating to the March 2008; March 20, 2008; and May 9, 2008 grievances are timely and, therefore, not barred by the statute of limitations.

Plaintiff's fifth and sixth causes of action relate to a macing incident that allegedly occurred on February 27, 2008. [*Id.* ¶¶ 67–83.] Because this event occurred before April 1, 2008, Plaintiff's fifth and sixth causes of action are time barred.

Plaintiff's eighth and ninth causes of action relate to Chubb and Gant's failure to maintain Plaintiff's property. Specifically, Plaintiff alleges he discovered items were missing from his personal property on March 20, 2008 and May 5, 2008. [Doc. 18 ¶¶ 40, 44–45, 90.] Because Plaintiff discovered some items were missing before April 1, 2008, Plaintiff's claims related to the items discovered missing on March 20, 2008 are time barred. However, Plaintiff discovered additional items were missing after April 1, 2008; therefore, Plaintiff's claims against Chubb and Gant relating to items discovered missing on May 5, 2008 are timely and, therefore, not barred by the statute of limitations.

Plaintiff's claim related to violation of duty of care pursuant to S.C. Code Ann. § 24-1-130 fails to include a date any alleged loss occurred; therefore, the Court is unable to determine from the face of the Amended Complaint whether Plaintiff's claim related to a violation of duty of care is time barred.

Finally, Plaintiff alleges intentional infliction of emotional distress as a result of the February 27, 2008 macing incident. [Doc. 18 at 23.] Because this incident occurred before April 1, 2008, Plaintiff's claim of intentional infliction of emotional distress is time barred.

### *Equitable Tolling*

Plaintiff contends he is entitled to equitable tolling. [Doc. 33.] Plaintiff asserts that any delay in filing is not attributable to Plaintiff but, instead, is attributable to the court.[6] [Doc. 33 at 4.]

---

[6]Plaintiff presumably contends the delay is attributable to the Dorchester County Court of Common Pleas because Plaintiff alleges he initially filed an action with the Dorchester County Clerk of Court on July 31, 2008 and that, through letters, the Dorchester County Clerk of Court reported that Plaintiff's complaint had been forwarded to the Chief Administrative Judge for approval. Plaintiff attaches letters between Plaintiff and the Clerk of Court as exhibits to his response in opposition to Defendants' motion to dismiss. [Doc. 33 at 5–6.]

11

The South Carolina Supreme Court has held that the doctrine of equitable tolling may be applied where it is justified under the circumstances but "should be used sparingly and only when the interests of justice compel its use." *Hooper v. Ebenezer Sr. Serv. & Rehab. Ctr.*, 687 S.E. 2d 29, 33 (S.C. 2009). Further, "[t]he party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use." *Id.* at 32 (citing *Ocana v. Am. Furniture Co.*, 91 P.3d 58, 65 (N.M. 2004); 54 C.J.S. *Limitations of Actions* § 115). In *Hooper*, the court held equitable tolling was appropriate based on the following circumstances:

> In this case, Hooper first tried to effect service upon the agent named by Ebenezer at the address it supplied to the Secretary of State. When that was unsuccessful, Hooper hired a private investigator, who found a personal address for the agent. Hooper contacted the Lexington County Sheriff's Department on numerous occasions and was told that service was being made. She was not notified until one month after the running of the statute of the limitations that service had been unsuccessful because the whereabouts of the agent could not be determined.
>
> Hooper finally was able to effect service after the statute of limitations had run, only after she exercised reasonable and due diligence to serve Ebenezer's agent. Under Rule 3(a)(2), SCRCP, even if the limitations period has run, service may still be effected if it is accomplished within 120 days of filing of the summons and complaint. Unfortunately, Hooper was approximately one week past the 120 days. Thus, under the unique circumstances of this case, we conclude it is appropriate to equitably toll the statute of limitations for the time Hooper spent in pursuit of Ebenezer's nonexistent agent.

*Id.* at 34.

In this case, Plaintiff asserts he filed an action with the Dorchester County Clerk of Court on July 31, 2008 and that he was notified on August 26, 2008 that the complaint had been forwarded to the Chief Administrative Law Judge for review on August 6, 2008. Plaintiff did not file the present action until April 1, 2010. Plaintiff fails to provide an explanation for why he waited almost twenty months from the time he received the letter from the Dorchester County Clerk of Court to file another suit or otherwise take action on

12

the allegedly previously-filed suit. Unlike the plaintiff in *Hooper* who diligently pursued her case, Plaintiff here appears to have done nothing for almost twenty months. Moreover, Plaintiff fails to specify what claims were included in the previous suit and whether they are the same claims that are alleged in this case. Therefore, Plaintiff has failed to establish sufficient facts to justify equitable tolling.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that (1) Defendants' motion to dismiss be GRANTED with respect to (a) Plaintiff's third and fourth causes of action relating to grievances filed in October 2007 and November 2007; (b) Plaintiff's fifth and sixth causes of action; (c) Plaintiff's eighth and ninth causes of action relating to items discovered missing on March 20, 2008; and (d) Plaintiff's cause of action for intentional infliction of emotional distress; and (2) Defendants' motion to dismiss be DENIED with respect to (a) Plaintiff's first and second causes of action; (b) Plaintiff's third and fourth causes of action relating to grievances filed in March 2008; on March 20, 2008; and on May 9, 2008; (c) Plaintiff's seventh cause of action; (d) Plaintiff's eighth and ninth causes of action relating to items discovered missing on May 5, 2008; and (e) Plaintiff's cause of action for a violation of duty of care pursuant to S.C. Code Ann. § 24-1-130.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

June 3, 2011
Greenville, South Carolina