IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eugene Gee Gary, | ) | |
| | ) | C/A No. 8:10-2037-MBS-JDA |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| South Carolina Department of Corrections;. | ) | |
| Jon Ozmint, Director, et al.; Jane and John | ) | |
| Doe, SCDC Officers; and other Unknown | ) | |
| Defendants, Official and Individual | ) | |
| Capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Eugene G. Gary is an inmate currently in the custody of the South Carolina Department of Corrections (SCDC) who currently is incarcerated at the Lieber Correctional Institution in Ridgeville, South Carolina. Plaintiff, proceeding pro se, filed this action in the Court of Common Pleas for Dorchester County, South Carolina, alleging that he was denied medical care in violation of his constitutional rights (Seventh Cause of Action). He also asserts state law claims arising under the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 et seq. (SCTCA); S.C. Code Ann. § 24-1-130; and common law. Specifically, Plaintiff alleges negligence in responding to grievances and maintaining Plaintiff's property; negligence in exposing him to chemical munitions; assault and battery; and intentional infliction of emotional distress. The case was removed to this court on August 4, 2010 based on federal question jurisdiction. See 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1441. An amended complaint was filed on November 8, 2010.

This matter is before the court on motion to dismiss filed by Defendants on December 28, 2010. Defendants assert that Plaintiff's complaint is barred by the SCTCA two-year statute of limitations, which provides, in relevant part, that claims brought pursuant to the SCTCA are barred

"unless commenced within two years after the date of the loss was or should have been discovered[.]" S.C. Code Ann. § 15-78-110. On December 29, 2010, an order was issued pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedures and the possible consequences of failing to respond adequately. Plaintiff filed a response in opposition to the motion to dismiss on March 8, 2011.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. On June 3, 2011, the Magistrate Judge filed a Report and Recommendation in which she noted that the § 1983 claim (Seventh Cause of Action) was not subject to the SCTCA limitations period. The Magistrate Judge further determined that, based upon a state court filing date of April 1, 2010, only claims asserted by Plaintiff that were or should have been discovered on or after April 1, 2008 are timely. Accordingly, the Magistrate Judge recommended that Defendants' motion to dismiss be granted with respect to (1) Plaintiff's Third and Fourth Causes of Action relating to grievances filed in October 2007 and November 2007; (2) Plaintiff's Fifth and Sixth Causes of Action; (3) Plaintiff's Eighth and Ninth Causes of Action relating to items discovered missing on March 20, 2008; and (4) Plaintiff's claim for intentional infliction of emotional distress. The Magistrate Judge further recommended that Defendants' motion to dismiss be denied as to (1) Plaintiff's First and Second Causes of Action; (2) Plaintiff's Third and Fourth Causes of Action relating to grievances filed in March 2008, March 20, 2008, and May 9, 2008; (3) Plaintiff's Sixth and Seventh Cause of Action; (4) Plaintiff's Eighth and Ninth Causes of Action relating to items discovered missing on May 5, 2008; and (5) Plaintiff's cause of action alleging a violation of duty of care pursuant to S.C. Code Ann. § 24-1-130. No party filed objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference, with the following modification. The SCTCA disclaims liability for conduct that constitutes intent to harm. S.C. Code Ann. § 15-78-70(b). Plaintiff's Sixth Cause of Action for assault and battery and claim for intentional infliction of emotional distress fall outside the SCTCA. See e.g., Smith v. Ozmint, 394 F. Supp. 2d 787 (D.S.C. 2005).

South Carolina has a three-year statute of limitations for personal injury actions. See S.C. Code Ann. 15-3-530(5). Plaintiff's claims of assault and battery and intentional infliction of emotional distress arise from an incident that allegedly took place on February 27, 2008. Thus, Plaintiff's Sixth Cause of action for assault and battery and claim for intentional infliction of emotional distress are timely.

Defendants' motion to dismiss is **granted** with respect to (1) Plaintiff's Third and Fourth Causes of Action relating to grievances filed in October 2007 and November 2007; (2) Plaintiff's Fifth Cause of Action; (3) Plaintiff's Eighth and Ninth Causes of Action relating to items discovered

3

missing on March 20, 2008.  Defendants' motion to dismiss is **denied** as to (1) Plaintiff's First and Second Causes of Action; (2) Plaintiff's Third and Fourth Causes of Action relating to grievances filed in March 2008, March 20, 2008, and May 9, 2008; (3) Plaintiff's Sixth and Seventh Causes of Action; (4) Plaintiff's Eighth and Ninth Causes of Action relating to items discovered missing on May 5, 2008; (5) Plaintiff's cause of action alleging a violation of duty of care pursuant to S.C. Code Ann. § 24-1-130; and (6) Plaintiff's claim for intentional infliction of emotional distress.  The case is recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

July 14, 2011.