IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Eugene Gee Gary, | ) Civil Action No.: 8:10-cv-02037-MBS-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| South Carolina Department of ) | |
| Corrections, Jon Ozmint, Jane Doe, ) | |
| John Doe, SCDC Officers, and Other ) | |
| Unknown Defendants, ) | |
| Defendants. | |

Plaintiff brought this action in the Court of Common Pleas, Dorchester County, South Carolina, seeking relief pursuant to Title 42, United States Code, Section 1983. [Doc. 1-2.] Defendants removed the action to this Court on August 4, 2010 [Doc. 1] and filed their Answer on August 6, 2010 [Doc. 5]. Plaintiff filed an Amended Complaint on November 8, 2010. [Doc. 18.] On July 14, 2011, the Honorable Margaret B. Seymour granted in part and denied in part a motion to dismiss filed by Defendants and recommitted the case to the undersigned for further pretrial handling. [Doc. 40.]

On September 20, 2011, Defendant filed a motion for summary judgment. [Doc. 53.] On September 21, 2011, pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. [Doc. 54.] Despite this explanation, Plaintiff did not respond to the motion.

As Plaintiff is proceeding pro se, the Court filed a second Order on February 28, 2012, giving Plaintiff through March 19, 2012 to file his response to the motion for summary judgment. [Doc. 58.] Plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. On March 19, 2012, Plaintiff filed a

motion for extension of time, requesting an additional thirty days in which to file his response to the motion for summary judgment. [Doc. 61.] The Court granted Plaintiff's motion, giving Plaintiff through April 18, 2012 to file his response. [Doc. 63.] Plaintiff was again specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. Plaintiff did not respond.

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and
>
> (4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not

a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is proceeding pro se, he is personally responsible for his failure to file a response. Plaintiff has had over seven months to respond to the motion for summary judgment. Plaintiff's initial response was due by October 27, 2011 and, despite being advised of the possible consequences if he failed to respond adequately, Plaintiff elected not to respond and did not file a motion for extension of time until after the Court filed a second Order five months later, reminding Plaintiff his response was due and giving him additional time. The Court then granted Plaintiff even more time to respond, making the final deadline April 18, 2012. The Court has warned Plaintiff on numerous occasions the case would be dismissed pursuant to Rule 41(b) if Plaintiff failed to file responses. Despite this explanation, Plaintiff has elected not to respond. Because Plaintiff has already ignored deadlines set by the Court, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

April 24, 2012
Greenville, South Carolina