IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene Gee Gary, ) | |
| ) | C/A No. 8:10-2037-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| South Carolina Department of Corrections, ) | |
| Jon Ozmint, Jane Doe, John Doe, SCDC ) | |
| Officers, and Other Unknown Defendants, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Eugene Gee Gary is an inmate in custody of the South Carolina Department of Corrections. Plaintiff currently is housed at Lieber Correctional Institution in Ridgeville, South Carolina. Plaintiff, proceeding pro se, filed the within complaint in the Court of Common Pleas for Dorchester County, South Carolina, seeking relief pursuant to 42 U.S.C. § 1983. Defendants removed the case to this court on August 4, 2010. Plaintiff filed an amended complaint on November 8, 2010. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling.

This matter is before the court on Defendants' motion for summary judgment, which motion was filed on September 20, 2011. On September 21, 2012, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences of failing to respond adequately. Plaintiff filed no response to the motion for summary judgment. On February 28, 2012, the Magistrate Judge issued an order granting Plaintiff until March 19, 2012 to file his response to Defendants' motion. Plaintiff specifically was advised that if he failed to respond, this action would be subject to dismissal. See Fed. R. Civ. P. 41(b). On

March 19, 2012, Plaintiff filed a motion for extension of time to respond to Defendants' motion for summary judgment. The Magistrate Judge granted Plaintiff's motion on March 20, 2012, and granted Plaintiff until April 18, 2012 to file his response. Nevertheless, Plaintiff filed no response to Defendants' motion for summary judgment.

On April 24, 2012, the Magistrate Judge issued a Report and Recommendation in which she recommended that the within complaint be dismissed pursuant to Rule 41(b) for failure to prosecute. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The within action is dismissed *with prejudice* pursuant to Rule 41(b) for failure to

prosecute.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

May 17, 2012

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**